UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

CASE NO.: 3:14-BK-02932-PMG
CHAPTER 13

IN RE:
MARY LOU ZAWACKI,

    Debtor,
_____/

## CREDITOR THE PLANTATION AT PONTE VEDRA, INC.'S OBJECTION TO CONFIRMATION OF DEBTOR'S CHAPTER 13 PLAN

Creditor, The Plantation at Ponte Vedra, Inc., by and through its undersigned counsel, hereby objects to the confirmation of the Debtor's Chapter 13 Plan, and as grounds therefor, states as follows:

1. The Debtor/Defendant, Mary Lou Zawacki ("Debtor") filed for bankruptcy relief on June 16, 2014, under Chapter 13 of the Bankruptcy Code.

2. The Debtor resides with her husband at 113 Middleton Place in Ponte Vedra Beach, Florida (the "Residence").

3. The Residence is within the community known as The Plantation at Ponte Vedra ("The Plantation") and is governed by the Seventh Amended and Restated Declaration of Easements, Covenants, Conditions, Restrictions and Limitations for The Plantation at Ponte Vedra, Inc. (the "Declaration").

4.     The Declaration provides for monthly and special assessments upon the owners of real property within The Plantation (the "Assessments").

5.     The Debtor has failed to pay Assessments associated with the Residence for several years.

6.     The Declaration gives The Plantation a lien on the Residence for the amount of the unpaid Assessments, together with attorney's fees, costs and interests that accrue in the collection of those Assessments.

7.     The Debtor lists The Plantation as a Secured Creditor in Schedule D of her Bankruptcy Schedules.

8.     Although The Plantation has a secured claim on the Residence, and although the Debtor has indicated a desire to keep the Residence, the Debtor has failed to account for the debt owed to The Plantation as a secured claim within the Chapter 13 Plan.

9.     As a result, the Chapter 13 Plan does not include provisions for payment to all secured creditors and, on that basis, should not be confirmed.

10.    Additionally, confirmation should be denied because the Debtor is not using all available income to contribute to the Chapter 13 Plan.

11. Among other things, the Debtor makes a voluntary monthly contribution of $693.99 for her retirement plan in lieu of using those funds to pay her creditors.

12. At the Meeting of Creditors, the Debtor admitted her intent to continue making the same voluntary monthly contribution to her retirement plan as opposed to contributing those funds to her creditors.

13. Moreover, confirmation should be denied because the Debtor was not honest in her Bankruptcy Schedules.

14. Although discovery continues into the veracity of Debtor's sworn statements made within her Bankruptcy Schedules, at a minimum, the Debtor has misrepresented her husband's income.

15. Specifically, it is impossible for the Debtor to be paying $690.00 per month towards her husband's self employment taxes if, as Debtor has sworn under oath, Debtor's husband's income is only $289.00 per month.

16. Although the Debtor admitted referring to documents in preparing Schedule I and signing the Schedules under penalty of perjury, the Debtor could not explain how her husband was making only $289.00 per month when taxes were $690.00 per month.

17. In terms of disposable income available for a Chapter 13 Plan, the Debtor was unable to explain why she is paying $690.00 per month towards her husband's self employment taxes;

as opposed to her husband paying his own self employment taxes out of the income he receives (such income likely exceeds the self employment tax; or said tax is grossly overstated).

18. The Debtor has failed to provide financial paperwork reflecting Husband's income and the reason why or how Husband's self employment taxes (which she reportedly is paying) greatly exceeds the amount of his income. Typically, a person is not taxed in excess of said person's income.

19. Inasmuch as the Debtor was unable to answer a number of questions concerning her Schedules at the Meeting of Creditors, discovery as to Debtor's veracity and completeness continues and The Plantation reserves the right to file an Amended Complaint Objecting to Discharge upon discovering additional instances justifying the same.

20. Further, the Debtor does not qualify under Chapter 13 of the Bankruptcy Code because Debtor's scheduled noncontingent, liquidated, unsecured debts exceed the limit of $765,000.00.

21. Moreover, the Debtor has attempted to circumvent the limit for secured debts by listing those debts as contingent. The secured debts owed to the mortgage company and to The Plantation are not contingent and are easily verified by reference to Debtor's payment history to each of these creditors.

WHEREFORE, The Plantation respectfully requests that confirmation of the Debtor's Chapter 13 Plan be denied.

Dated: October 1, 2014.

**HEEKIN, MALIN & WENZEL, P.A.**

By: /s/ S. Hunter Malin
T. Geoffrey Heekin
Florida Bar No. 328448
Email: gheekin@jax-law.com
S. Hunter Malin
Florida Bar No. 0088020
Email: hmalin@jax-law.com
Post Office Box 477
Jacksonville, FL 32201
Telephone: (904) 355-7000
Facsimile: (904) 355-0266
Attorneys for The Plantation

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 1st day of October, 2014, I electronically filed the foregoing Motion with the Clerk of the Court using CM/ECF. A copy of the Complaint is being served by first class mail, postage prepaid, upon Mary Lou Zawacki, the Debtor, at 113 Middleton Place, Ponte Vedra Beach, FL 32082, Wendell Finner, the Debtor's attorney, at 340 Third Ave. S., Suite A, Jacksonville, Florida 32250-6767, Douglas W. Neway, Trustee, P.O. Box 4308, Jacksonville, FL 32201, and United States Trustee, Orlando, 135 W. Central Boulevard, Orlando, FL 32801.

/s/ S. Hunter Malin
S. Hunter Malin, Esq.